Filed 3/18/15  P. v. McGowan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B254285 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA090436) |
| v. | |
| MICHELLE McGOWAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michelle McGowan appeals from a judgment entered following a jury trial in which she was convicted of one count of grand theft auto (Pen. Code, § 487, subd. (d)(1))[1] and one misdemeanor count of simple assault (§ 240).[2] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2013, appellant was at the home of her mother, Cynthia Cox. Cox's neighbor, Margaret Taylor, called to talk to Cox, but after a brief conversation, appellant took the phone and did not allow Taylor to speak further to Cox. Taylor decided to walk over to speak to Cox in person.

When Taylor arrived, she and Cox spoke at the front door. Appellant told Taylor and Cox to be quiet because she was on the phone and then slammed the door. After speaking to Taylor outside, Cox went inside the house. Taylor heard a loud commotion and heard Cox yelling, "call the police." Cox came out of the house crying, with a bloody lip, and holding a landline phone that had been pulled out of the wall.

Taylor called 911 on her cell phone. Appellant came out of the house and asked if Taylor was calling the police. Appellant grabbed the landline phone from Cox and smashed it against a tree. She tried to grab Taylor's cell phone, but Taylor took it and said, "you're not going to tear my phone up." Appellant returned into the house and came out holding wire cutters. She lunged with them at Cox and Taylor.

---

[1]     All further statutory references are to the Penal Code.

[2]     The jury found her not guilty of assault likely to produce great bodily injury (§ 245, subd. (a)(4)) and of two counts of dissuading a witness (§ 136.1, subd. (b)(1)), and it deadlocked on a misdemeanor theft charge (§ 484, subd. (a)).

2

Appellant went back in the house, then she came out and drove away in Cox's car. Cox told Taylor that her checkbook and bank cards were gone.

Police officers saw appellant driving the car and pulled her over. After confirming that Cox did not give appellant permission to drive the car, they placed appellant under arrest.

Appellant testified that Taylor was swearing and yelling when she came to Cox's house, so appellant asked Taylor to be quiet. Appellant denied hitting her mother in the mouth intentionally, stating that she accidentally hit her during a struggle with the door. Appellant also claimed that it was Cox who pulled the phone out of the wall. She panicked after Cox ran outside, so appellant took Cox's car and left. Appellant denied taking her mother's credit cards. She testified that her mother had given her permission to drive her car on previous occasions.

Appellant was charged in an amended information with five counts: count 1, grand theft auto (§ 487, subd. (d)(1)); counts 2 and 3, dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)); count 4, assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)); and count 5, second degree robbery (§ 211). The information further alleged that appellant had suffered a serious felony conviction for robbery (§ 212.5).[3] The trial court granted appellant's section 1118.1 motion as to the robbery count and reduced count 5 from a robbery to the lesser included offense of petty theft.

The court conducted a hearing on appellant's challenge to the jury venire and denied her challenge.

The jury found appellant guilty of grand theft auto and simple assault, and not guilty of assault likely to produce great bodily injury and of the two counts of

---

[3]     The prosecutor subsequently acknowledged that she did not have evidence to prove the prior conviction.

3

dissuading a witness. The court declared a mistrial on the petty theft charge and dismissed it.

The court sentenced appellant to the mid term of two years on count 1 and an additional six months on the simple assault misdemeanor to be served in any penal institution, for a total of 30 months. The court awarded 204 days of presentence actual custody credits and 204 days of conduct credits, for a total of 408 days of credit. Appellant filed a timely notice of appeal.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. On October 2, 2014, we advised appellant that she had 30 days within which to submit any contentions or issues that she wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

4

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.